IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry Lamont Hubbard, #239504, ) | C/A No.: 1:11-133-RMG-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Kinntina Freeman and Michael Moutrie, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jerry Lamont Hubbard is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"), and he has filed this action pro se against Defendants Freeman and Moutrie, employees of the SCDC, asserting claims under 28 U.S.C. § 1983 for violations of his constitutional rights. Before the court is Plaintiff's Motion to Dismiss filed on April 14, 2011 [Entry #44]. In his motion, Plaintiff requests the court dismiss this action without prejudice due to his discovery that the Prison Litigation Reform Act requires prisoners to exhaust their administrative remedies prior to filing suit. Defendants do not oppose the motion. [Entry #45].

The court construes Plaintiff's motion as a motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), which provides in pertinent part, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This rule permits a plaintiff to dismiss his case without prejudice, but requires that the plaintiff obtain court approval. *See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d

544, 546 (4th Cir. 1993). The main purpose of the rule is to freely permit voluntary dismissals while safeguarding the non-movant from prejudice. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

Generally, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied unless the defendant will suffer prejudice. *See Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending. *Gross v. Spies*, 133 F.3d 914 (Table), at *5 (4th Cir. Jan. 13, 1998) (internal citations omitted). These factors do not represent an exhaustive list, however, and any other case-specific factors should be considered by the district court. *Id.* "Courts generally agree, however, that the mere prospect of a second lawsuit is not sufficient prejudice to justify denying a motion for voluntary dismissal." *Id.* (internal citations omitted). Similarly, "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." *Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987).

Here, Defendants do not appear to have expended great efforts or expense preparing for trial, as discovery has only recently commenced and no dispositive motions have been prepared. Additionally, Defendants do not oppose the motion to dismiss. Plaintiff has not demonstrated a lack of diligence in this matter, as he filed his motion to

dismiss shortly after Defendants filed their answer. This case is still in the early stage of litigation, as no summary judgment motions are pending.[1] Therefore, after weighing the above-stated factors and in light of Defendants' lack of opposition, the undersigned recommends Plaintiff's motion be granted [Entry #44] and this case be dismissed without prejudice.

    IT IS SO RECOMMENDED.

April 22, 2011                                  Shiva V. Hodges
Florence, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

---

[1] If the district judge accepts this recommendation, all pending motions in this case will be moot.